**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN LOPEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BRIAN ANDREWS AND TOWNSHIP OF CRANFORD,<br><br>　　　　　Defendants. | Civil Action No. 23-01131 (SDW)(MAH)<br><br>**OPINION**<br><br>July 18, 2023 |

**THIS MATTER** having come before this Court upon Defendants Brian Andrews and Township of Cranford's ("Defendants") filing of a Motion to Dismiss, (D.E. 9), Plaintiff Brian Lopez's ("Plaintiff") Amended Complaint ("AC"), and this Court having reviewed the AC, (D.E. 8), for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) or Rule 12(b)(6); and

**WHEREAS** Plaintiff is a resident of Cranford and a retired member of the Cranford Police Department ("CPD"). (D.E. 8 ¶¶ 7, 10.) Defendant Brian Andrews ("Mayor Andrews") is a member of the Township of Cranford's governing body and currently serves as Mayor of Cranford, and Defendant Township of Cranford ("Cranford") is a municipality in New Jersey. (*Id.* ¶¶ 8–9.) Plaintiff has posted criticism of Mayor Andrews on social media. (*Id.* ¶ 11.) Plaintiff alleges that his critical postings prompted Mayor Andrews—in his personal capacity and official capacity as Mayor of Cranford—to tell the leaders of the Cranford Police Benevolent Association ("PBA") "that the PBA should disassociate itself with [Plaintiff]." (*Id.* ¶¶ 12–13.) Additionally, on December 18, 2022, Mayor Andrews sent text messages, and attachments showing Plaintiff's

postings, to CPD Sergeant Timothy O'Brien ("Sergeant O'Brien"). (*Id.* ¶ 15.) In the text messages, Mayor Andrews prompted Sergeant O'Brien to "check in on" Plaintiff because the "time of year can be tough on some people." (*Id.* ¶¶ 15–16.) Mayor Andrews added that "people know [Sergeant O'Brien] is close to [Plaintiff], so it is unfortunate this kind of thing reflects on [Sergeant O'Brien] as well." (*Id.* ¶ 16.) Sergeant O'Brien "responded that he never associated with [Plaintiff] outside of work and denied having any association with [Plaintiff's] social media messages." (*Id.* ¶ 18.) In a text message response, Mayor Andrews noted that others said that Sergeant O'Brien and Plaintiff were friends, and suggested that Plaintiff's postings would reflect on Sergeant O'Brien if he did not intervene. (*Id.* ¶ 19.) Sergeant O'Brien[1] was denied a promotion and thereafter challenged the denial by filing an employment claim.[2] (*Id.* ¶¶ 21–22.) Mayor Andrews also discussed Plaintiff's postings with other members of the CPD and the PBA. (*Id.* ¶¶ 23–29.); and

**WHEREAS** on February 27, 2023, Plaintiff filed a Complaint in this Court. (*See* D.E. 1.) Plaintiff then filed the AC on March 16, 2023, which includes the following five counts: violation of 42 U.S.C. § 1983, right of association (Count I); violation of 42 U.S.C. § 1983, free speech and expression (Count II); violation of 42 U.S.C. § 1983, equal protection (Count III); violation of N.J. Stat. Ann. §§ 10:6-2, *et seq.*, N.J.C.R.A. (Count IV); and requests pursuant to 28 U.S.C. §§ 2201, *et. seq.*, declaratory judgment. (D.E. 8.) Defendants filed the instant Motion to Dismiss the AC

---

[1] The Complaint states that "Sergeant Andrews filed a Notice of Claim," rather than Sergeant O'Brien. (*Id.* ¶ 21). This Court construes the discrepancy as a scrivener's error.

[2] Sergeant O'Brien filed a Notice of Claim with the Cranford Clerk on December 23, 2022, and then filed a Complaint in the New Jersey Superior Court on March 8, 2023, in which he alleges that he was denied a promotion on November 3, 2022. (*See* D.E. 1 ¶¶ 21–22; D.E. 4; D.E. 9-1 at 6–7, Ex. B.)

on April 24, 2023, and the parties completed timely briefing thereafter.  (D.E. 9; D.E. 10; D.E. 11.); and

**WHEREAS** subject matter jurisdiction establishes a court's "very power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A district court has subject matter jurisdiction to hear claims "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.  "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, No. 1999-130, 2006 WL 3298270, at *1 (D.V.I. Sept. 21, 2001), *aff'd and adopted by* 486 F.3d 806, 808–10, 48 V.I. 1059 (3d Cir. 2007).  A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) by challenging jurisdiction facially or factually.  *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action* (*Schering Plough*), 678 F.3d 235, 243 (3d Cir. 2012)).  "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'"  *Halabi v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 17-1712, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018) (quoting *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015)).  A motion to dismiss for lack of standing is considered a facial attack.  *Schering Plough*, 678 F.3d at 243.  "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa.*, 757 F.3d at 358 (citing *Schering Plough.*, 678 F.3d at 243)).

3

**WHEREAS** Defendants contend that Plaintiff's claims should be dismissed for lack of standing, and, consequently, lack of subject matter jurisdiction. Article III of the United States Constitution limits the power of the federal judiciary to the adjudication of actual "cases" or "controversies." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969); *see also Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). To enforce the "case" or "controversy" requirement, Article III requires that a litigant "have 'standing' to invoke the power of a federal court . . . ." *Allen v. Wright*, 468 U.S. 737, 750 (1984). Standing, therefore, is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff has standing to sue if:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotations and citations omitted); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); and

**WHEREAS** when viewing the facts in the light most favorable to Plaintiff, the facts set forth in the Complaint do not demonstrate an injury in fact. A particularized injury "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc.*, 578 U.S. at 339 (*quoting Lujan*, 504 U.S. at 560 n.1). Here, the Complaint alleges that Defendants purportedly retaliated against a third party—Sergeant O'Brien—for associating with Plaintiff. (D.E. 21.) The Complaint, however, does not allege that Plaintiff was personally injured in any concrete and particularized

4

way. (*Id.* ¶¶ 10–30.) Because Plaintiff has failed to allege a concrete and particularized injury,[3] he has not demonstrated standing to pursue claims against Defendants.[4] *See Lujan*, 504 U.S. at 560–61; therefore,

Defendants' Motion to Dismiss, (D.E. 9), is **GRANTED**. Plaintiff shall have thirty (30) days to further amend the complaint. An appropriate order follows.

          /s/ Susan D. Wigenton
**United States District Judge**

Orig:  Clerk
cc:     Parties
        Michael A. Hammer, U.S.M.J.

---

[3] Without an alleged injury in fact, it is unnecessary for this Court to address causal connection or redressability. *See Lujan*, 504 U.S. at 560–61.

[4] Because this Court does not have Subject Matter Jurisdiction, it would be inappropriate to examine the merits of the claims pursuant to Rule 12(b)(6).